Argued July 2, reversed July 24, 1963

## MAYNARD *v.* OREGON WILLAMETTE LUMBER CORPORATION ET AL

383 P. 2d 1001

*Clifford B. Olsen,* Portland, argued the cause for appellant. With him on the briefs were Anderson, Franklin, Jones, Olsen & Bennett, Portland.

*David Landis,* Portland, argued the cause for respondents. On the brief were Maguire, Shields, Morrison, Bailey & Kester, and Howard K. Beebe, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell and Lusk, Justices.

SLOAN, J.

Plaintiff's complaint alleged that she and her husband bought from defendants a sliding glass patio door in reliance upon defendants' warranty that the glass in the door would not shatter if broken. The glass in the door did break and shatter; one piece of which fell and impaled plaintiff's foot. She brought this action claiming a breach of an express warranty. The case was tried to a jury and a verdict given for defendants. Plaintiff appeals. The one assignment concerns an instruction to the jury.

The glass door was installed at an entrance to a playroom in plaintiff's house. Plaintiff and her husband were anxious to have shatterproof glass because the room was to be used for their small children. The door was located a few feet from another door leading to the kitchen of the house. Just prior to the accident complained of plaintiff was in the kitchen, her youngest daughter was in the playroom. Plaintiff heard something break and heard her daughter scream. She hurried to the playroom and observed the shattered glass in the door. She was uncertain whether she was looking through the door or going past it to another entrance to the playroom when the glass fell and caused her injury.

The defense was based on the theory that plaintiff "used" the door after she had knowledge of

the defect and thereby waived her claim of breach of a warranty. Defendant requested and the court gave the challenged instruction. The particular language in question reads:

"* * * or if the plaintiff knew prior to her injury that the glass in the patio door had, in fact, shattered and broken, then and in such event you are instructed that the plaintiff could no longer rely upon such warranty, if you find that such an express warranty had, in fact, been made by the defendant, and in such event you will return your verdict in favor of the defendant and against the plaintiff."

The instruction omits the vital requirement that it was also necessary to find that plaintiff was actually using the door when she was injured. It is not enough that she knew that the glass had shattered unless she also proceeded to use the door with that knowledge. The jury could have found that plaintiff was not attempting to open the broken door when she was hurt. Defendants cite many cases from this and other jurisdictions which follow the rule that the knowledgeable use of a defective article deprives the party from consequential damages upon breach of warranty. This court has so held, *Western Feed Co. v. Heidloff,* 1962, 230 Or 324, 370 P2d 612.

But here the court failed to include the element of use and the instruction given was virtually the equivalent of a directed verdict. We think it was prejudicial error and the case must be remanded for another trial.

Reversed.